UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DARGIE ARWOOD, and GERALD ARWOOD, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 3:19-CV-49-JRG-HBG |
| | ) |
| WESTGATE RESORTS, LTD., a Florida Limited Partnership; and WESTGATE RESORTS, INC., a Florida Corp., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion for Extension of Time to Respond to Defendants' Motion to Dismiss ("Motion for Extension") [Doc. 25]. Defendants have responded in opposition [Doc. 26]. Plaintiffs did not file a reply. Accordingly, Plaintiffs' Motion for Extension [**Doc. 25**] is hereby **DENIED.**

**I.     POSITIONS OF THE PARTIES**

Plaintiffs state that they filed their Complaint in the Circuit Court for Sevier County, Tennessee, on November 19, 2018, and that the action was removed to this Court on February 8, 2019. Plaintiffs submit that they filed a Motion to Remand on March 21, 2019, which is currently pending before the Court. Plaintiffs state that subsequently, Defendants filed a Motion to Dismiss on February 15, 2019, and that Plaintiffs were served with the Motion to Dismiss on March 20, 2019. Plaintiffs state that they mistakenly believed that their Motion to Remand would be disposed

of before a response to Defendants' Motion to Dismiss was due. In addition, they state that they inadvertently miscalculated the 21-day response requirement as set forth in Local Rule 7.1. Plaintiffs state that their deadline to respond to Defendants' Motion to Dismiss expires on April 11, 2019. They request a twenty-one (21) day extension of time, or until May 2, 2019, to respond to the Motion. Plaintiffs state that a Scheduling Order has not been entered in this matter[1] and that Defendants are not prejudiced by the extension.

Defendants respond that the law firm representing Plaintiffs has continuously delayed the progress of this action and follows a similar pattern of delay with respect to dozens of cases filed across the country.[2] Defendants argue that the deadline to respond (i.e., April 11, 2019) expired prior to Plaintiffs' moving for an extension. Defendants argue that Plaintiffs' excuse does not constitute good cause or excusable neglect pursuant to Federal Rule of Civil Procedure 6(b)(1)(B).

Plaintiffs did not file a reply brief to the instant Motion.

## II. ANALYSIS

As an initial matter, the Court notes that Plaintiffs requested until May 2, 2019, to file their response but never filed one. The instant Motion, however, was not ripe until after their requested extension.[3] Accordingly, the Court has considered the parties' positions, and the Court finds Plaintiffs' Motion [**Doc. 25**] not well taken, and it is **DENIED**.

---

[1] The Scheduling Order [Doc. 24] was entered two weeks prior to Plaintiffs filing their Motion.

[2] Defendants' Response outlines Plaintiffs' counsel's tactics in other cases and his agreement with a timeshare exit company, Resort Release. The only question before the undersigned, however, is whether Plaintiffs should be granted an extension in the instant matter.

[3] Plaintiffs' reply brief to the instant Motion was due on May 3, 2019. As mentioned above, however, they did not file a reply brief.

In the instant matter, the parties agree that the deadline to respond to Defendants' Motion to Dismiss was April 11, 2019. Plaintiffs moved for an extension five days after the deadline had expired. Federal Rule of Civil Procedure 6(b) states as follows:

> (1) In General. When an act may or must be done within a specific time, the court may, for good cause, extend the time:
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

The Court has discretion to determine whether a party failed to act because of excusable neglect. *La Bamba Licensing, LLC v. La Bamba Authentic Mexican Cuisine, Inc.*, No. 3:16-CV-527-CRS, 2017 WL 472093, at *2 (W.D. Ky. Feb. 3, 2017) (citing *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) ("We review a district court's determination of excusable neglect, or lack thereof, under the abuse-of-discretion standard.") (citations omitted)). In determining whether excusable neglect exists, courts balance what are commonly referred to as the *Pioneer* factors as follows:

> [T]he danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."

*In re Edwards*, 748 F. App'x 695, 698 (6th Cir. 2019) (quoting *Pioneer Inv. Servs Col v. Brunswick Assoc., Ltd. P'Ship*, 507 U.S. 380, 395 (1993)).[4] The Sixth Circuit has also stated, however, that the "*Pioneer* factors do not carry equal weight; the excuse given for the filing must have the greatest import." *Id.* (quoting *United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010)).

---

[4] "Although *Pioneer* arose from a bankruptcy proceeding, its discussion of excusable neglect also applies to Federal Rule of Civil Procedure 6(b)." *Howard v. Nationwide Prop. & Cas. Ins. Co.,* 306 F. App'x 265, 267 (6th Cir. 2009) (other citations omitted).

3

In the present matter, the Court does not find that Defendants are prejudiced by the delay, the delay is short so there is little, if any, impact on the judicial proceedings, and there is no evidence that Plaintiffs acted in bad faith. Thus, these three factors weigh in favor of Plaintiffs' request.

Plaintiffs' reasons for missing the deadline are because they mistakenly believed that the Motion to Remand would be disposed of before a response was due and they inadvertently miscalculated the 21-day response deadline.[5] Plaintiffs offer nothing more than this general statement, and "attorney inadvertence generally does not constitute excusable neglect." *Jackson v. Chandler*, 463 F. App'x 511, 513 (6th Cir. 2012) (other citations omitted). Finally, the Court finds that the delay was within Plaintiffs' control, and they have not argued otherwise.

In summary, three factors weigh in favor of allowing the extension, and two factors—one of which is the most important—weigh in favor of denying the extension. The Court will deny Plaintiffs' request because they have not sufficiently explained to the Court why they missed the deadline to respond to the Motion to Dismiss. The Court also notes that Plaintiffs requested until May 2, 2019, to file a response brief. Plaintiffs neither filed a response brief, nor did they file a reply to Defendants' arguments raised herein. Accordingly, the Court finds Plaintiffs' request not well taken.

---

[5] Plaintiffs' filed their Motion to Remand on March 31, 2019, and Defendants responded on April 3, 2019. The Motion to Remand recently became ripe on April 10, 2019.

## III. CONCLUSION

Accordingly, for the reasons further explained below, Plaintiffs' Motion for Extension of Time to Respond to Defendants' Motion to Dismiss [**Doc. 25**] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge