UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DARGIE ARWOOD, and GERALD ARWOOD, </br></br>Plaintiffs, </br></br>v. </br></br>WESTGATE RESORTS, LTD., a Florida Limited Partnership; and WESTGATE RESORTS, INC., a Florida Corp., </br></br>Defendants. | No. 3:19-CV-49-JRG-HBG |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion for Extension of Time to Respond to Discovery [Doc. 33] and Second Motion for Leave to Withdraw as Counsel ("Motion to Withdraw") [Doc. 35]. With respect to the latter Motion, Plaintiffs' attorney, Joshua I. Goldman with Totten, Franqui Davis & Burk, LLC ("Firm") seeks to withdraw in this matter. The Motion states that the Firm filed a Chapter 7 Bankruptcy in the Southern District of Florida and that counsel communicated with Plaintiffs about the basis for withdrawing. The Motion states that requiring counsel to remain on the case would impose an unreasonable financial burden on counsel and would adversely affect Plaintiffs' ability to litigate their case. The Motion states that the trial has not been set in this matter.[1]  Finally, the Motion provides Plaintiffs' address, telephone number, and states that

---

[1] As explained in the Court's *two* previous Orders [Docs. 27, 31], the District Judge entered the Scheduling Order [Doc. 24] in this case on April 3, 2019, setting the case for trial on October 20, 2020.

Plaintiff consents to the request.[2] Attorney Goldman states that he sent a copy of the Motion to Plaintiffs on June 26, 2019.

Pursuant to Local Rule 83.4, in order to withdraw from a case, an attorney must do the following:

> (1) File a motion with the Court requesting permission to withdraw as counsel of record;
>
> (2) Include in the motion the current mailing address and telephone number of the client;
>
> (3) Unless the motion is signed by both the attorney and the client or a consent to the withdrawal signed by the client is attached to the motion, provide a copy of the motion to the client at least 14 days prior to the date the motion is filed;
>
> (4) If a hearing date on the motion is set, certify in writing to the Court that the client was served at least 7 days before the hearing with notice (i) of the date, time, and place of hearing and (ii) that the client as a right to appear and be heard on the motion; and
>
> (5) Certify to the Court that the above requirements have been met.

The Court finds that Attorney Goldman's Second Motion for Leave to Withdraw as Counsel [**Doc. 35**] complies with the Local Rules, and therefore, the same is **GRANTED IN PART**.[3] The Court expects Attorney Goldman to provide copies of any relevant documents to any

---

[2] There are two Plaintiffs in this case. The Motion states that "Plaintiff consented to the withdraw[al]." [Doc. 35 at 3]. It is not clear whether both Plaintiffs consented.

[3] The Court notes that Attorney Goldman states that he has not received the signed consent form. Therefore, the consent form was not attached to the Motion; however, because Attorney Goldman mailed a copy of the Motion to Plaintiffs on June 26, 2019, the Court finds that Attorney Goldman has complied with the Rules. *See* E.D. Tenn. L.R. 83.4.

future counsel for Plaintiffs or directly to Plaintiffs upon request. Attorneys Goldman is **RELIEVED** of his duties as counsel in this case.

The Motion to Withdraw also requests that the Court allow Plaintiffs a reasonable time to find new counsel. The Motion does not explain how much time is needed, and the Court finds that Plaintiffs have already had sufficient time to seek new counsel as Attorney Goldman filed his original motion to withdraw on June 19, 2019. Further, other than the discovery deadline below, there are no other deadlines that are quickly approaching in this matter. Accordingly, Plaintiffs are hereby **ADMONISHED** that they are **DEEMED** to be proceeding pro se. Until they obtain substitute counsel, it is their obligation to stay up to date on the status of this case and comply with the deadlines set by the Court. Likewise, if they elect to proceed in this case without an attorney, they are responsible for complying with all deadlines set by the Court and responding to any requests for relief by other parties, *see* E.D. Tenn. L.R. 7.1. Plaintiffs, like any other party, will be expected to comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders.

With respect to the Motion for Extension of Time to Respond to Discovery [Doc. 33], Plaintiffs state that Defendants served them with Interrogatories, Requests for Admissions, and Requests for Production of Documents on May 23, 2019. Plaintiffs requested an extension of time to respond to discovery because their counsel sought to withdraw from this case. Plaintiffs state that defense counsel opposed the request for an extension. Plaintiffs request ninety (90) days to respond to discovery given the Motion to Withdraw. Defendants oppose [Doc. 34] the Motion and request that the Court (1) order Plaintiffs to respond to the Requests for Production and Interrogatories within ten (10) days, (2) deem all Plaintiffs' non-privilege objections to the Requests for Production of Documents and Interrogatories waived, and (3) deem all matters in the

3

Requests for Admissions admitted.

Accordingly, the Court finds the Motion for Extension of Time to Respond to Discovery [**Doc. 33**], which requests ninety (90) days to respond to discovery, is **DENIED**. The discovery requests were served on May 23, 2019, and discovery needs to move forward in this case. As explained above, Plaintiffs have had sufficient time to retain new counsel. The Court **ORDERS** Plaintiffs to respond to the Interrogatories, Requests for Admissions, and Requests for Production of Documents within twenty (20) days of filing the instant Memorandum and Order. Given the circumstances with Plaintiffs' counsel, the Court will not deem all of non-privilege objections to the Requests for Production of Documents and Interrogatories waived, nor will the undersigned deem all matters admitted in the Requests for Admissions.

Finally, the Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to Plaintiffs at the address provided in the Motion to Withdraw and to update ECF accordingly

**IT IS SO ORDERED.**

ENTER:

_Bruce Guyton_
United States Magistrate Judge